## SCHLESINGEN et al. v. SPRINGFIELD FIRE & MARINE INS. CO.

*(Superior Court of New York City, General Term.* May 5, 1890.)

**1. APPEAL—REVIEW—HARMLESS ERROR—APPELLANT NOT PREJUDICED.**

At the close of a trial, plaintiffs moved for a new trial on the ground that the damages were inadequate, which motion was denied. Defendant then moved for a new trial, to the granting of which plaintiffs consented. *Held,* that plaintiffs could not complain of the denial of the latter motion.

**2. INSURANCE—ACTION ON POLICY—EVIDENCE.**

In an action on a policy covering a stock of goods the most important witnesses for plaintiffs were their clerks and one of the plaintiffs, and, instead of proving the amount of merchandise on hand at the time of the fire by their books of account, they produced an inventory of goods on hand, made six months before the fire; and, to show the changes of stock in the mean time, numerous white and yellow slips of paper, made by the clerks, were put in evidence, the white slips being claimed to show the goods sent into the basement where the fire occurred, and the yellow slips to show the goods sent out of the basement. *Held,* that this testimony did not uncontrovertibly show that the amount claimed by plaintiff as loss and damage was correct.

**3. SAME—ESTIMATED LOSS.**

The question put to the plaintiff as to "what was the amount of loss and damage" by reason of the fire, called for the result of a calculation upon such facts as the witness might choose to consider, and was properly excluded.

**4. SAME—CROSS-EXAMINATION—OTHER FIRES.**

The witness having testified on his direct examination that he had had experience in judging what was indicated by refuse after fires, it was competent for defendant to ask him on cross-examination as to how many other fires he had had.

**5. TRIAL—VIEW BY JURY.**

In an action on a fire insurance policy, plaintiffs proposed that the jury inspect the remains of the fire, "if the defendant consents." Defendant said nothing. *Held,* that defendant was entitled to an instruction that its objection to the jury making the inspection did not create any inference or opinion in favor of the calculations and claims of plaintiffs.

Appeal from jury term.

Action by Leo Schlesinger and Abraham Schlesinger against the Springfield Fire & Marine Insurance Company, to recover $2,000, the amount of insurance effected by defendant on a stock of goods belonging to plaintiffs, and stored in the basement of a building occupied by them. The jury found a verdict against defendant for $1,200. A motion was made by plaintiffs for a new trial, on the ground that the verdict was against the weight of the evidence, and that the damages were assessed too low, which motion was denied. Defendant's counsel also made a motion to set aside the verdict and for a new trial, to the granting of which motion plaintiff consented in open court. This motion was also denied. From the orders denying these motions, and from the judgment in their favor entered on the verdict, plaintiffs appeal.

Argued before SEDGWICK, C. J., and O'GORMAN, J.

*Frederick R. Condert* and *Benno Loewy,* for appellants. *Robinson, Scribner & Bright,* for respondent.

SEDGWICK, C. J. The ground of plaintiff's dissatisfaction with the verdict is that, by the uncontradicted evidence in the case, the plaintiff was entitled to recover a larger sum than the amount of the verdict. The plaintiffs claim, as a matter of right, that the judge below should have granted a motion for a new trial because both parties moved for a new trial. The motions were several, and also the orders, respectively. The order on the defendant's motion declares that the plaintiffs consented to the granting of that motion. Although the judge refused to consider himself obliged to grant the order, this is not a subject of complaint by the plaintiffs. If it is assumed that defendant might claim a right to have the new trial granted, it has not appealed, and the plaintiffs did not make the motion then denied. The order denying plaintiffs' motion does not appear to have been made after the defendant had consented to a granting of the motion. Indeed the proceedings on the trial shows that there

was no such consent. Each party made a motion, but each did not consent that the motion by the other should be granted. I therefore think that the plaintiffs were not entitled to a new trial, on the ground that has been examined.

As to the position that the evidence, taken altogether, shows that the defendants' loss and damage was greater than the amount assessed by the jury, I am of opinion that it is not valid. There was not a witness whose testimony the jury was bound to find to be credible or exact. The most important witnesses for the plaintiffs were one of the plaintiffs and men who had been in the employment of the plaintiffs. These servants were at the time of the trial employed by the plaintiffs. They had made the documents on which the plaintiffs' case in part rested. Whether they had made them correctly or exactly was for the jury to say. The documents were not made according to the usual methods of business. The plaintiff's book contained no merchandise account. Instead of proving the amount of merchandise on hand at the time of the fire by the production of the ordinary books of account, the plaintiffs produced a carelessly made, so far as form is concerned, inventory of goods on hand, made in the January before the fire, which was in the month of July; and, to show the changes of the stock in the mean time, numerous slips of paper, made by the plaintiffs' clerks, were put in evidence. The slips that were of a white color contained, as plaintiffs claimed, statements of goods sent into the basement where the fire occurred. Slips of a yellow color contained, · as claimed by plaintiffs, statements of the good sent out of the basement. The jury was not bound to say, upon these facts and others that appeared, that the oral testimony or the documents in evidence incontrovertably showed the amount claimed by the plaintiffs as loss and damage was correct.

But it is suggested for the plaintiffs that, if the jury rejected the testimony in favor of plaintiffs as incredible, there was no testimony which could have shown to the jury what the actual loss was. I think that this overlooks the significance the jury were entitled to give to the facts that concerned the mass that remained after the fire apart from the goods that might be identified for the purpose of the appraisement that was made. The jury had to consider the size of the piles of refuse as bearing upon the probable quantity of the goods subjected to the fire. The plaintiffs had gone into this matter, and their witnesses had described the quantity of the refuse. There was opposing testimony as to this and as to the constituents of the refuse. If the jury's opinion was favorable to the defendants, they could find that, in consideration of their judgment as to what were really proved by the other evidence, the testimony as to the refuse, showed that there was not on hand before the fire as many goods as the witnesses for plaintiffs had testified there were by a practically certain amount. I am of opinion that there should not be a new trial on this ground.

I agree with the court below that the plaintiff who appeared as a witness could not be allowed to answer the question, "What was the amount of loss and damage sustained by the plaintiffs by reason of the fire?" This would have been the result of a calculation, and therefore inadmissible, and upon such facts as the witness chose to consider the proper facts to show the loss or damage. For instance, he might have supposed that he should consider the facts he testified to and the documents in the case as furnishing indubitable *data* in estimating the loss.

The court allowed defendants' counsel to ask of the plaintiff how many other fires he had had. If the question did not call for anything but an impeachment of the witness' credibility generally as a witness, it may be assumed that the court should have overruled the question. But the witness had in his direct examination testified that he had had experience in judging what was indicated by refuse after fires, as to the amount of goods represented by the refuse. It was therefore competent to show that such experience had been ac-

quired in part by facts connected with fires in which he had an interest that would affect his power to judge impartially.

The defendants asked the court to charge that the objection of the defendant to the jurors going up-town to inspect the entire remains of the fire does not create any inference or opinion whatever in favor of the calculations and claims of the plaintiff in this case. The court made the charge, and the plaintiff excepted to it. In the course of the trial the objection referred to in the charge had been made, or rather the plaintiffs made the proposition, adding, "if the defendants consent." The only refusal was made by the defendants saying nothing.

I am of opinion that the charge was correct. The defendants were not open to being charged with an apprehension that the inspection by the jury would result unfavorably to them until after it was determined that the defendants were bound to believe, or did believe, that the mass of the refuse at the time of the inspection would be the same in kind and quantity that it was after the fire. The defendants were not bound to have such a belief. But, on general principles, I think the defendants were not called to assist the plaintiff in making evidence for themselves, and then being held to explain why they did not assist. The judgment and order are affirmed, with costs.